UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN GABBARD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 18-cv-13278

Paul D. Borman
United States District Judge

Anthony P. Patti
United States Magistrate Judge

<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE PATTI'S
JANUARY 28, 2020 REPORT AND RECOMMENDATION (ECF NO. 19);
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 20); (3) DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12); (4)
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
NO. 15); AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER</u>

  On January 28, 2020, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("Report") to deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the final decision of the Commissioner to deny Plaintiff's application for Disability Insurance and Supplemental Security Income Benefits. (ECF No. 19, Report and Recommendation). On February 11, 2020, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 20, Pl's Obj.) Defendant filed a Response to Plaintiff's Objections. (ECF No. 21, Def.'s Resp.)

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 15), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 12), and AFFIRMS the findings of the Commissioner.

## I.     BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record ("AR") are accurately and adequately cited to in the Report and Recommendation and the Court incorporates those factual recitations here. (Report and Recommendation at 1-5, PgID 1012-16) (citing ECF No. 7, Transcript of Social Security Proceedings *passim* (hereinafter "Tr. ___"). The record evidence will be discussed in this Opinion and Order only as necessary to the Court's resolution of Plaintiff's Objections. The following summary contains an overview of Plaintiff's disability claims.

Plaintiff applied for disability insurance ("DI") and supplemental security income ("SSI") benefits on January 12, 2016, alleging that his disability began on

June 28, 2014. (Tr. 273-80.)[1] On August 25, 2017, Plaintiff appeared for and testified at a hearing before Administrative Law Judge ("ALJ") Carrie Kerber. (Tr. 51-72.) Plaintiff was represented by attorney Peter Bundarin at the hearing. (*Id*.) On December 18, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (Tr. 30-49.)

The ALJ found that Plaintiff had the following severe impairments: mental impairments variously diagnosed as bipolar disorder, generalized anxiety, social anxiety, agoraphobia, and antisocial personality disorder. (Tr. 36.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id*.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels with the following additional limitations: "simple tasks that are not fast paced[,] meaning the pace of productivity is not dictated by an external source over which the claimant has no control; only occasional interaction with coworkers and supervisors, but no tandem tasks; no interaction with the public; and the work routine should be repetitive from day to day with few and expected

---

[1] Plaintiff had filed a prior claim for disability insurance benefits on November 27, 2012. (Tr. 115.) Following a hearing held on May 21, 2014, ALJ MaryJoan McNamara ultimately found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 112-31.)

3

changes. (Tr. 39.) At Step Four, the ALJ found that Plaintiff was not capable of performing any of his past relevant work. (Tr. 43.)

At Step Five, the ALJ determined, based in part on the testimony provided by the vocational expert in response to hypothetical questions, that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as janitor, detailer and laundry worker. (Tr. 44.) As a result, the ALJ concluded that Plaintiff is not disabled under the Act. (Tr. 44-45.)

Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on August 20, 2018. (Tr. 1-6.)

On October 19, 2018, Plaintiff commenced this action. (ECF No. 1.) The parties filed cross motions for summary judgment. (ECF No. 12, Pl's Mot.; ECF No. 15, Def.'s Mot.) Plaintiff also filed a reply brief. (ECF No. 16, Pl.'s Reply.) Plaintiff argued that the ALJ violated the treating physician rule by discounting the opinions of Plaintiff's treating psychiatrist, Kim Horn, M.D., without good reasons. (Pl.'s Mot. at 14, PgID 959.)

In the January 28, 2020 Report and Recommendation on the cross motions (ECF No. 19), the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision. The Magistrate Judge found that the ALJ's decision was supported by substantial evidence. (*Id.*)

changes. (Tr. 39.) At Step Four, the ALJ found that Plaintiff was not capable of performing any of his past relevant work. (Tr. 43.)

At Step Five, the ALJ determined, based in part on the testimony provided by the vocational expert in response to hypothetical questions, that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as janitor, detailer and laundry worker. (Tr. 44.) As a result, the ALJ concluded that Plaintiff is not disabled under the Act. (Tr. 44-45.)

Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on August 20, 2018. (Tr. 1-6.)

On October 19, 2018, Plaintiff commenced this action. (ECF No. 1.) The parties filed cross motions for summary judgment. (ECF No. 12, Pl's Mot.; ECF No. 15, Def.'s Mot.) Plaintiff also filed a reply brief. (ECF No. 16, Pl.'s Reply.) Plaintiff argued that the ALJ violated the treating physician rule by discounting the opinions of Plaintiff's treating psychiatrist, Kim Horn, M.D., without good reasons. (Pl.'s Mot. at 14, PgID 959.)

In the January 28, 2020 Report and Recommendation on the cross motions (ECF No. 19), the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision. The Magistrate Judge found that the ALJ's decision was supported by substantial evidence. (*Id.*)

On February 11, 2020, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation, stating, "[t]he ALJ's error in not providing 'good reasons' for affording only 'little weight' to the opinion of Gabbard's treating psychiatrist was not harmless. The magistrate judge has failed to show that it was." (Pl.'s Obj. at 1-2, PgID 1035-36.) Defendant filed its response to the objection on February 18, 2020. (Def.'s Resp.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement

5

with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an

opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any

7

evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

### III. ANALYSIS

Plaintiff's sole objection is that the Magistrate Judge erred in finding that the ALJ's failure to give good reasons for affording "little weight" to the opinion of Plaintiff's treating psychiatrist, Dr. Kim Horn, was harmless. The Magistrate Judge recommended that remand is unwarranted because the ALJ complied with the procedural safeguards of the treating physician rule to discount Dr. Horn's opinions. (Report and Recommendation at 8, PgID 1019.)

The "treating source rule" is a "mandatory procedural protection" that requires an ALJ to give sufficient explanation for disregarding the opinion of a treating physician. *Sawdy v. Comm'r of Soc. Sec.*, 436 F. App'x 551, 555 (6th Cir. 2011). "If an ALJ declines to give controlling weight to such an opinion, the rule still requires the ALJ to fully consider it in accordance with certain factors, *id*. § 404.1527(d)(2)–(6), and to provide 'good reasons' for discounting the opinion, *id*. § 404.1527(d)(2)-i.e., reasons 'sufficiently specific to make clear to any subsequent reviewers the weight . . . [given] to the ... opinion and the reasons for that weight.'" *Id*. (quoting SSR 96–2p, 1996 WL 374188, at *5 (July 2, 1996)) (alterations and ellipses in original). Consideration of those factors – "namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source," – provides the "mandatory procedural protection" required when an ALJ does not give a treating source opinion controlling weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

However, the ALJ need not necessarily address each of these factors in order to provide the procedural safeguards required. *See Webb v. Comm'r of Soc. Sec.*, No. 16-10015, 2017 WL 1164708, at *7 (E.D. Mich. March 29, 2017) ("[T]here is no *per se* rule that requires a written articulation of each of the six regulatory or

9

"*Wilson* factors" listed in 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x. 216, 222 (6th Cir. 2010). In other words, the regulations do not require 'an exhaustive factor-by-factor analysis.' *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x. 802, 804-805 (6th Cir. 2011) (citing 20 C.F.R. § 404.1527(d)(2), now 20 C.F.R. § 404.1527(c)(2))."). If the ALJ has "met the goal" of providing the "procedural safeguards" of the six factor rule, the error is harmless. *See Webb*, 2017 WL 1164708, at *7.

Specifically, the failure to discuss the requisite factors may constitute harmless error: (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion"; or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson*, 378 F.3d at 547). *See also Betty v. Comm'r of Soc. Sec.*, No. 15-CV-10734, 2016 WL 1105008, at *4 (E.D. Mich. Feb. 17, 2016), *report and recommendation adopted*, No. 15-CV-10734-DT, 2016 WL 1090554 (E.D. Mich. Mar. 21, 2016). "In the last of these circumstances, the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's

10

analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (per curiam).

"The ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Wilson*, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration in original). "On the other hand . . . '[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent the with other substantial evidence in the case record.'" *Id.* (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *2 (July 2, 1996)). "An administrative law judge may give more weight to the opinions of examining or consultative sources where the treating physician's opinion is not well-supported by the objective medical records." *Dyer v. Soc. Sec. Admin.*, 568 F. App'x 422, 428 (6th Cir. 2014) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376, 379–80 (6th Cir. 2013)).

Dr. Horn treated Plaintiff for several years at Monroe Community Mental Health Services ("MCMHS"), and completed two medical source statements – consisting primarily of multi-page check box forms – during the course of that

11

treatment – one on February 25, 2016 and another on May 4, 2017. (Tr. 761-68, 873-79.) The 2016 medical source statement indicated by checkmark that Plaintiff has "No useful ability to function" with respect to all but three of the abilities related to unskilled work and with regard to all abilities related to semi-skilled and skilled work. (Tr. 765-66.) Dr. Horn wrote that the limitations were based on "Anxiety – severe anxiety impairs [Plaintiff's] ability to function on a daily basis. Stays home." (*Id.* at 766.) The 2017 medical source statement indicated by checkmark that Plaintiff was "Seriously limited" with regard to the abilities needed to perform semi-skilled and skilled work (a less severe limitation than previously stated in 2016), but "Unable to meet competitive standards," a more severe limitation, with regard to the abilities required to perform unskilled work. (Tr. 875-76.) Dr. Horn upgraded Plaintiff's prognosis from "poor" to "guarded," and explained that Plaintiff was unable to focus, suffered from agoraphobia, did not get along well with others, and suffered from bipolar D/O and anxiety. (*Id.* at 876.) In both medical source statements, Dr. Horn opined that Plaintiff could likely be expected to miss more than four days of work per month as a result of his limitations. (Tr. 767, 877.)

The ALJ considered these two opinions and gave them "partial weight," stating:

> Turning to the opinion evidence, in a medical source statement, completed in February 2016 and May 2017, Kim Horn, M.D., opined that the claimant would be absent from work more than four days per month, his anxiety is severe and impairs his ability to function on a

daily basis. (Exhibits B2F, B7F). The undersigned has given Dr. Horn's opinion partial weight. Dr. Horn's limitations are extreme considering the claimant's ability to leave his home to attend appointments, go to the grocery store, and buy cigarettes.

(Tr. 41.) In contrast, she gave the March 17, 2016 opinion of State agency consultant Dr. Daniel Blake, Ph.D., "great weight," stating:

> [A] State agency psychological consultant, opined that the claimant retains sufficient mental function for sustained simple work activity. (Exhibits B2A at 14, B3A at 14). The undersigned has given this opinion great weight as it is consistent with the medical record as a whole, it provides insight into the severity of the claimant's impairments and how they affect his ability to function, and the State agency consultant has specialized knowledge in assessing clinical findings within the Social Security standard. The opinion has been provided for in the residual functional capacity assessment with limitations for simple tasks that are not fast paced[,] meaning the pace of productivity is not dictated by an external source over which the claimant has no control. This is similar to the prior Administrative Law Judge findings, but the undersigned has articulated restrictions more in conformance with our changed rules since the previous decision.

(Tr. 42-43.)[2]

The Magistrate Judge acknowledged that the ALJ's assessment of Dr. Horn's opinion was "short and perfunctory," but acknowledged that "compliance with the treating physician rule does not require a written articulation of each of the factors"

---

[2] As the Magistrate Judge and the parties acknowledged, while the ALJ states in her decision that she is giving the opinion of State agency psychological consultant Dr. Michele Leno, Ph.D., great weight, it is clear from the record citations and findings that she is actually referring to the opinion of Dr. Blake, the other State agency psychological consultant who reviewed Plaintiff's claim. (See Report and Recommendation at 7-8 & n.3, PgID 1018-19.)

and focused on the harmless error standard to review the ALJ's treatment of Dr. Horn's opinion. (Report and Recommendation at 16-20, PgID 1027-31.) The Magistrate Judge found that any error in the ALJ's short assessment of Dr. Horn's check-box opinions was harmless because she indirectly attacked the consistency and supportability of those opinions throughout her disability determination via (1) her analysis of Dr. Blake's opinion and (2) her assessment of other relevant evidence, including Plaintiff's conservative treatment and past felony conviction. (*Id.*)

As provided above, compliance with the treating physician rule does not require a written articulation of each of the *Wilson* factors. *Tilley*, 394 F. App'x at 222. Rather, the ALJ's analysis may meet the goal of the "good reasons" requirement by demonstrating that Dr. Horn's opinions was not consistent with the record evidence as a whole, including the opinions of the consulting psychologist, Dr. Blake, Plaintiff's treatment history, and the hearing testimony. *See Nelson*, 195 F. App'x at 471 ("the ALJ explicitly stated that the opinions of Drs. Walker, Kupstas, and Seidner were consistent, thereby further attacking, albeit indirectly, the opinions of Drs. Cook and Peterson"). The ALJ was permitted to rely on the state agency psychologist's opinions. *See Reeves v. Comm'r of Soc Sec.*, 618 F. App'x 267, 274 (6th Cir. 2015) ("Generally, an ALJ is permitted to rely on State agency physician's opinions to the same extent as she may rely on opinions from other sources. 20 C.F.R. § 1527. Thus, an ALJ may provide greater weight to a state agency

physician's opinion when the physician's finding and rationale are supported by evidence in the record."); *Blakley*, 581 F.3d at 409 ("Certainly, the ALJ's decision to accord greater weight to state agency physician's over Blakley's treating sources was not, by itself, reversible error.").

The ALJ also properly relied on Plaintiff's conservative treatment and that he stopped working due to his felony conviction, not his impairments, to indirectly challenge the supportability of Dr. Horn's opinions at the end of her RFC determination, stating:

> Although the claimant has received treatment for the allegedly disabling impairment(s), that treatment has been essentially routine and conservative in nature. There is evidence that the claimant stopped working for reasons not related to the allegedly disabling impairments. The claimant noted that he was laid off of work most recently because they found out about his past felony. (Exhibit B1F at 140). This raises the question as to whether the claimant's continuing unemployment is actually due to medical impairments.

(Tr. 43.) These are valid considerations. *See Jacobi v. Comm'r of Soc. Sec.*, No. 12-CV-14518, 2014 WL 354652, at *7 (E.D. Mich. Jan. 31, 2014) ("The ALJ noted that the claim of disability occurring in June, 2007 was contradicted by Plaintiff's acknowledgement that he had been fired that month after it was discovered that he had been convicted of a felony[.]"). While Plaintiff argues in his objection that Dr. Horn's opinion is too far removed from when he stopped working, so the reason he stopped working (his felony conviction) should have no effect on the opinion, Dr. Horn opined that Plaintiff's limitations applied as of "2012" (Tr. 768), and thus the

15

reason he lost his job was a valid consideration for the ALJ. *See Jacobi*, 2014 WL 354652, at *7.

The ALJ provided a thorough recitation of Plaintiff's hearing testimony and treatment history with Dr. Horn, including that he generally saw the doctor every one to three months and was treated with medications and therapy. *See Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 808-09 (6th Cir. 2012) (ALJ validly considered the claimant's routine and conservative treatment in discounting a treating physician's opinion). The ALJ expressly recognized Plaintiff's statements that he tended to overmedicate when going out in public, and accounted for this in the RFC, limiting Plaintiff to "simple tasks that are not fast paced[,] meaning the pace of productivity is not dictated by an external source over which the claimant has no control; only occasional interaction with coworkers and supervisors, but no tandem tasks; no interaction with the public; and the work routine should be repetitive from day to day with few and expected changes." (See Tr. 37, 39, 41.) While Plaintiff argues in his objection that this recitation should not take the place of analysis, he misses that this "recitation" was part of the ALJ's analysis of the record evidence as a whole in this matter. *See Vitale v. Comm'r of Soc. Sec.*, No. 16-12654, 2017 WL 4296608, at *2 (E.D. Mich. Sept. 28, 2017) (recognizing the need to read the ALJ's assessment of a treater's opinion "together with the ALJ's decision as a whole"); *see also Willingham v. Comm'r of Soc. Sec.*, No. 17-11189,

2018 WL 5305082, at *7-8 (E.D. Mich. Aug. 22, 2018) (finding ALJ's discussion of the state agency psychological consultant's opinion, other medical records and plaintiff's activities sufficient to "meet the goal of the regulation"), *report and recommendation adopted by* 2018 WL 4352701 (E.D. Mich. Sept. 12, 2018).

Therefore, read as a whole, the ALJ's decision met the procedural safeguards of the treating physician rule. Plaintiff has failed to demonstrate that the Magistrate Judge erred in concluding that the ALJ's decision is supported by substantial evidence, and Plaintiff's objection is denied.

### IV.  CONCLUSION

For the foregoing reasons, the Court:

(1)  OVERRULES Plaintiff's Objections (ECF No. 20);

(2)  ADOPTS Magistrate Judge Patti's January 28, 2020 Report and Recommendation (ECF No. 19);

(3)  GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 15);

(4) DENIES the Plaintiff's Motion for Summary Judgment (ECF No. 12); and

(5) AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.

Dated: May 8, 2020

s/Paul D. Borman  
Paul D. Borman  
United States District Judge